UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 11 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| JAMES BLACKMON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 20-2446 (UNA) |
| ) | |
| ) | |
| WILLIAMS ) | |
| *Warden*, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner, appearing *pro se*, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. For the following reasons, the Court will grant the application and dismiss this case for want of jurisdiction.

Petitioner seeks to vacate his 2014 conviction and sentence imposed by the Superior Court of the District of Columbia. *See* Pet. ¶¶ 1-2, ECF No. 1. Unlike prisoners challenging State or federal court convictions, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted).

The local remedy, D.C. Code § 23-110, "establishe[s] a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wish[ ] to challenge their conviction or sentence." *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). As relevant here,

[a]n application for a writ of habeas corpus in behalf of a prisoner who is

1

> authorized to apply for relief by motion pursuant to this section shall not
> be entertained by . . . any Federal . . . court if it appears that the applicant
> has failed to make a motion for relief under this section or that the Superior
> Court has denied him relief, unless it also appears that the remedy by
> motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The D.C. Circuit has interpreted that provision as "not [simply] a procedural bar to otherwise available federal habeas claims; it is Congress's deliberate channeling of constitutional collateral attacks on Superior Court sentences to courts within the District's judicial system (subject to Supreme Court review), with federal habeas available only as a safety valve." *Ibrahim v. United States*, 661 F.3d 1141, 1146 (D.C. Cir. 2011). In other words, D.C. Code § 23-110(g) "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). Such claims include "the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution . . . [or] (4) the sentence is otherwise subject to collateral attack," and they may be raised by motion in D.C. Superior Court "at any time." D.C. Code § § 23-110(a), (b)(1).

Petitioner asserts that he was denied effective assistance of counsel at trial and during post-conviction proceedings. *See* Pet. ¶¶ 12, 16(g) & attachments. Jurisdiction is lacking for two reasons. First, claims based on trial error, including trial counsel's performance, are cognizable under D.C. Code § 23-110(a), *see Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 123 (D.D.C. 2011), and petitioner has not shown the inefficacy of that remedy. His failure to obtain relief does not suffice. *See Perkins v. Henderson*, 881 F. Supp. 55, 60, n.5 (D.D.C. 1995) ("[P]etitioner may not complain that the remedies provided him by D.C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them.") (examining cases)).

Second, "[t]he ineffectiveness or incompetence of counsel during . . . State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254," 28 U.S.C. § 2254(i), which governs challenges to convictions brought by "prisoner[s] in custody pursuant to a judgment of the D.C. Superior Court." *Adams*, 810 F. Supp. 2d at 122 (internal quotation marks and citations omitted).   Hence, this case will be dismissed by separate order.

                                                                         _____s/_____
                                                     RUDOLPH CONTRERAS
                                                     United States District Judge

Date:   September 11, 2020